IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-41918-TJM |
| | ) | |
| CROSSROADS FORD, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

<u>ORDER</u>

Hearing was held on July 28, 2010, in Lincoln, Nebraska, regarding Filing #26, Motion for Relief from Stay, filed by Dealer Computer Services, Inc. ("DCS"), and Filing #36, Resistance to Motion for Relief from Stay, filed by the debtor. Charles R. Chesnutt and Trev Peterson appeared for the debtor, and Richard Garden and Aaron D. Weinberg appeared for Dealer Computer Services, Inc.

In 1994, the president of Crossroads Ford, Inc., executed and delivered a contract to DCS, which at that time was known as Ford Dealer Computer Services, Inc. DCS provides computer hardware, software, training, maintenance and support to automobile dealers across the country. According to the motion for relief from stay and the evidence presented, the DCS computer system is a combination of customized computer hardware and proprietary computer software designed to manage the day-to-day operations of a car dealership. The system includes fully integrated software applications for accounting, payroll, sales, parts inventory, parts invoicing, service, and a sophisticated communications package that allows a dealership to communicate electronically with its manufacturer. DCS provides ongoing hardware maintenance and software support for a fixed monthly rate. The contract, with amendments, terminates in November 2011.

The debtor used the equipment and service and made regular monthly payments until November 2006. The debtor converted its dealer management system to one provided by a competitor of DCS in October 2006.

The contract calls for mandatory binding arbitration of "all disputes, claims, controversies, and other matters in question between the parties to this Agreement arising out of or relating to this Agreement, or to the breach thereof . . . ." (Fil. #42, Ex. 1 at 13-14).

In July 2007, DCS filed a demand for arbitration seeking damages for breach of contract, attorney fees and expenses, and judgment interest. In August 2007, the debtor filed its original answer.

The parties selected a panel of three arbitrators, and the arbitrators and the parties agreed to an evidentiary hearing to begin on June 21, 2010, at the offices of the American Arbitration Association in Southfield, Michigan.

On Saturday, June 19, 2010, Crossroads Ford, Inc., filed this Chapter 11 case. The arbitration proceeding was stayed as a result. The arbitration was ready for the final hearing, since the date of the hearing was agreed to by the parties, discovery had been completed, and expert witnesses named.

DCS has filed this motion for relief from the automatic stay to obtain an order allowing it to

proceed with the arbitration. The debtor has resisted, claiming that the cost of arbitration is excessive, the matter can be resolved in claims process in the bankruptcy court, and that there was fraud in the inducement with regard to the contract. In addition, the debtor claims that there is a pending federal court lawsuit in Texas in which the plaintiffs have requested class action status. The debtor has applied to intervene as a member of the class, and, according to the debtor, if the class is certified and the debtor is a part of the class, the issues arising in the individual arbitration case between DCS and the debtor will be resolved.

In preparation for the arbitration proceeding, DCS took the deposition of a representative of the debtor, David Lenz. It also inquired of him at the first meeting of creditors. Mr. Lenz has admitted that the only reason for filing the bankruptcy case was to stop the arbitration. In its response to the motion for relief from the automatic stay, Crossroads Ford has claimed that the contract between the parties is invalid because Crossroads Ford was misled as to the actual company that it was dealing with in the contract. It presents no evidence on that issue except an affidavit of Mr. Lenz with excerpts from his arbitration deposition. It fails to include excerpts from that deposition in which Mr. Lenz admits that he was not involved in the negotiations of the contract and has no idea whether Crossroads Ford was misled or not. That issue may be before the arbitration panel, but if it is not, the panel would have had jurisdiction to consider it if it was timely raised by Crossroads Ford.

Mr. Lenz admits that the dispute must be resolved either in arbitration or in the bankruptcy court. If the bankruptcy court were to keep it, Crossroads Ford would use the same lawyers that are involved in the arbitration and use the same expert witness.

"Generally, a court has little reason to ignore non-executory contractual arbitration clauses, . . . especially considering the strong federal policy favoring arbitration." In re Farmland Indus., Inc., 309 B.R. 14, 18 (Bankr. W.D. Mo. 2004) (citing Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987)). Well-settled law requires a bankruptcy court to permit arbitration to continue in non-core matters, but in core matters, "a party's right to enforce an arbitration agreement is not as strong." Id. at 19. When the core proceeding concerns the adjudication of federal bankruptcy rights completely separate from "inherited contractual claims," the Bankruptcy Code takes precedence over an arbitration agreement. Id. (quoting Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum Co.), 118 F.3d 1056, 1067 (5th Cir. 1997)).

However,

> enforcement of an arbitration clause arising out of litigation involving solely pre-petition contracts that are only core inasmuch as they involve seeking relief from the automatic stay to proceed to arbitration and determining the allowed amount of a proof of claim under applicable state law have been found not to conflict with the underlying provisions of the Bankruptcy Code.

Farmland Indus., 309 B.R. at 19.

In the Farmland Industries case, the arbitration issue arose in the context of an objection to claim. The court granted relief from the stay to let arbitration continue because the underlying contractual dispute involved mostly contractual and state-law rights, not rights arising under the Bankruptcy Code; the contract was pre-petition and non-executory; a strong federal policy favors enforcement of arbitration agreements; the arbitration proceeding may well be more efficient than

the court's claims resolution process; there was no foreseeable impact on the distribution to unsecured creditors by resolving the claim in arbitration rather than in the bankruptcy court; the arbitration process likely would not require more of the debtor's resources than an adversary proceeding would; and, finally, the policy favoring enforcement of arbitration agreements outweighed the bankruptcy policies of centralized claims resolution and avoidance of piecemeal litigation.

This case is similar to the <u>Farmland Industries</u> case in that the dispute involves a pre-petition non-executory contract, state law rights, federal policy favoring enforcement of arbitration agreements, the arbitration case is ready to try and all of the same lawyers and expert witnesses would be involved. Even if the matter was to be resolved in the bankruptcy court, there is no evidence the arbitration process, at this stage of the litigation, would require more of the debtor's resources than an adversary proceeding, and there is no foreseeable impact on the distribution to unsecured creditors by resolving the claim in arbitration rather than in the bankruptcy court.

IT IS ORDERED: The motion for relief (Fil. #26) is granted to permit the arbitration panel to hear and resolve the matter concerning damages, if any, due DCS. No action to collect any damages determined may be taken without further order of this court.

DATED:      September 1, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
Bankruptcy Judge

Notice given by the Court to:
Charles R. Chesnutt
Trev Peterson
*Richard Garden
*Aaron D. Weinberg

Movant (*) is responsible for giving notice to other parties if required by rule or statute.