IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-41918-TJM |
| | ) | |
| CROSSROADS FORD, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held on February 23, 2011, regarding Filing #144, Motion to Dismiss Case or in the Alternative Motion to Convert Case to Chapter 7, filed by U.S. Trustee Patricia Fahey, and Filing #157, Resistance, filed by the debtor. Charles Chesnutt and Trev Peterson appeared for the debtor, Jerry Jensen appeared for the U.S. Trustee, Richard Garden appeared for Dealer Computer Services, Inc., and Clay Rogers appeared for Ford Motor Credit Co.

### Facts and Position of the Parties

Crossroads Ford, Inc. ("Crossroads") filed a Chapter 11 case, as a small business debtor, on June 19, 2010. It filed a disclosure statement and plan on October 22, 2010. The disclosure statement was conditionally approved on October 26, 2010, and a confirmation hearing was scheduled for December 6, 2010. December 6, 2010, was the forty-fifth day after the filing of the plan.

In order to deal with an objection to the plan, Crossroads obtained a continuance of the hearing from December 6, 2010, to December 13, 2010. Then, on December 10, 2010, Crossroads withdrew its plan and the confirmation hearing scheduled for December 13, 2010, was cancelled. On that same date Crossroads moved to dismiss the case stating, "The Creditors of this estate will be served by a dismissal." That motion to dismiss was withdrawn on December 21, 2010.

On January 19, 2011, at Filing #144, the United States Trustee filed a motion to dismiss, or in the alternative a motion to convert the case to Chapter 7.

It is the position of the United States Trustee and creditor Dealer Computer Services, Inc. ("DCSI"), a creditor that joined in the briefing and argument of the motion on the side of the United States Trustee, that the Bankruptcy Code requires a small business debtor to obtain confirmation of a plan within 45 days from the date of filing of the plan or, because of the interplay among various provisions of Chapter 11 applicable to small business debtors, no plan can be confirmed and the case must be dismissed.

The debtor contends that there is nothing in Chapter 11 that requires dismissal if a plan is not confirmed within 45 days of its filing, and there is nothing in Chapter 11 that prohibits a small business debtor from filing a new plan after the expiration of the 45 day period.

### Analysis

A "small business debtor" is defined at 11 U.S.C. § 101(51D)(A) as a person engaged in commercial or business activities that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the petition in an amount not more than $2,343,300. The Bankruptcy Code provides, at § 1121(e)(2), that in a small business case, the plan and disclosure

statement shall be filed not later than 300 days after the order for relief. It further provides, at 11 U.S.C. § 1129(e), that in a small business case, "the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)." Section 1121(e)(3) provides that the time fixed in § 1129(e) within which the plan shall be confirmed may be extended only if the debtor demonstrates that it is more likely than not that the court will confirm a plan within a reasonable period of time; that a new deadline is imposed at the time the extension is granted; and that the order extending time is signed before the existing deadline has expired.

Finally, except when the court identifies unusual circumstances that establish dismissal or conversion is not in the interest of creditors and the estate, § 1112(b)(1) requires the court to dismiss or convert a case if a party in interest establishes cause. In this case the plan and disclosure statement were filed within the 300 day deadline, but the one plan that has been filed was withdrawn and not confirmed within 45 days of its filing. The debtor did not request an extension of the deadline. Section 1112(b)(4)(J) defines the term "cause" for dismissal as including failure to confirm a plan within the time fixed by the Bankruptcy Code.

The published cases considering this issue support the position of the United States Trustee. In re Roots Rents, Inc., 420 B.R. 28 (Bankr. D. Idaho 2009) (requiring denial of untimely motion to extend 45 day deadline for confirmation under § 1129(e) and dismissal of Chapter 11 case); In re CCT Commc'ns, Inc., 420 B.R. 160, 168 (Bankr. S.D.N.Y. 2009) (if the small business debtor fails to confirm a plan within 45 days after it was filed, cause is established under § 1112(b)(4)(J) to dismiss and the court must dismiss or convert unless it determines that one or more of three limited exceptions exist); In re J & J Fritz Media, Ltd., 2010 WL 4882601, at *3 (Bankr. W.D. Tex. Nov. 24, 2010) ("A small business case must be confirmed within 45 days after the filing of a plan"); In re Caring Heart Home Health Corp., 380 B.R. 908, 910 (Bankr. S.D. Fla. 2008) (the statute requires denial of an untimely motion to extend the 45 day deadline for confirmation under § 1129(e) and dismissal of the Chapter 11 case); In re Save Our Springs (S.O.S.) Alliance, Inc., 393 B.R. 452, 456 (Bankr. W.D. Tex. 2008) (failure to confirm a plan within 45 days of filing the plan constitutes "cause" within the meaning of § 1112(b)(1) to dismiss or convert a Chapter 11 case).

Crossroads suggests that the cited cases do not support the position of the United States Trustee. It claims that although the judges in Roots Rents, CCT Communications, Caring Heart, and Save Our Springs discussed their understanding that failure to obtain confirmation of a plan within 45 days of its filing requires dismissal of the case, none of the cases so hold. Instead, according to Crossroads, each of the cited cases was dismissed because of failure to file a plan within 300 days of the petition date or, as in Roots, the debtor's original plan was not confirmed within 45 days and when the debtor, after the 300th day passed, attempted to amend the original plan, the court said it was too late.

Crossroads misreads the holding in Roots Rents. The debtor did not obtain confirmation of the plan within 45 days. More than 300 days after the petition date, the debtor filed an amended plan and an amended disclosure statement. Those were both filed after the United States Trustee filed a motion to dismiss. Following the filing of the amended plan and amended disclosure statement, the debtor filed an "amended petition for relief" claiming that it was not a small business debtor and requested an extension of time to obtain confirmation of the amended plan. The court held that the debtor had not sustained its burden in attempting to overcome the designation it made at the commencement of the case and, therefore, the debtor was a small business debtor as

defined by the Code. The debtor did not obtain confirmation of its plan within 45 days of its filing and the deadline under § 1129(e) was not extended. Finally, the court held that cause existed under § 1112(b)(1) and (4) for dismissal or conversion of the case. 420 B.R. at 42.

Similarly, CCT Communications failed to obtain confirmation of its initial plan within 45 days. The plan had been filed on the last possible day under the 300 day deadline. No motion was filed requesting extension of time to obtain confirmation of the timely filed plan. A motion to dismiss was filed for failure to obtain confirmation within 45 days and, for the first time, the debtor asserted that it was not a small business debtor. A trial was held on that issue, but the court decided it on judicial estoppel. Because the debtor had acknowledged on its initial petition that it was a small business debtor, it was judicially estopped from claiming otherwise in the contested matter. The court then found that there were no special circumstances which the court could consider that would override the statutory requirement of dismissal for cause, cause being the failure to confirm a plan within the time frame required by the Code, 45 days. 420 B.R. at 174-75.

Summarizing the two opinions at 388 B.R. 202 and 393 B.R. 452, the facts in Save Our Springs (S.O.S.) Alliance, Inc., are similar to those in CCT Communications. The debtor filed a petition and marked the box stating that it was a small business debtor. It filed a plan within the 300 day deadline and a motion for extension of § 1129(e)'s 45 day time limit for obtaining confirmation. That extension was denied and the plan was not confirmed within the 45 day period. The debtor also did not file a motion to extend the 300 day deadline for filing an amended plan. Instead, it filed an amended petition claiming that it was not a small business debtor. The court found that the debtor was judicially estopped from making such an assertion and, because it had not obtained confirmation of a plan within 45 days after its filing, dismissed the case

In Caring Heart Home Health Corp., Inc., the debtor filed a plan and disclosure statement and, 60 days after filing the plan, filed a motion requesting an extension of the 45 day deadline to obtain confirmation. Because the motion was filed outside the 45 day period, the court denied it and dismissed the case for failure to obtain confirmation of a plan within 45 days. 380 B.R. at 910.

In the J & J Fritz Media, Ltd. case, the court granted a motion for relief from stay. The motion was granted because the court felt the failure to obtain confirmation of a plan within 45 days prohibited the debtor from ever confirming a plan and therefor relief was appropriate. 2010 WL 4882601 at *3. That position does support the motion under consideration in this case and is consistent with all of the other reported cases.

Although each of the cases discussed interprets the Code as requiring the debtor to obtain confirmation within 45 days of the filing date of the plan or suffer dismissal, none of the cases deal with a fact situation similar to this case and none consider the statutory language in 11 U.S.C. § 1129(e) that "the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed . . . ." That language does not appear to be a deadline for the debtor, but rather appears to be a mandate on the court. Practically speaking, it requires the court to override the normal time frames for notice and approval of a disclosure statement and plan confirmation date contained in Federal Rule of Bankruptcy Procedure 2002(b), which are 28 days for each. There is no penalty imposed on the debtor if the deadline is not met, in contrast to the result under §362(e)(1), terminating the automatic stay unless the court rules in 30 days or the movant consents to an extension or the court finds a compelling reason for extension of the deadline for ruling.

     Here, a plan was filed within 300 days of the petition date in accordance with §1121(e), the disclosure statement was approved, and the confirmation hearing was scheduled for the 45th day after the plan filing date. DCSI filed an objection to the plan. In an attempt to resolve the objection, the debtor obtained – with no objection by any party – a one-week continuance of the confirmation hearing. When it became clear the objection could not be resolved by negotiation, the plan was withdrawn. The fact that the objection could not be resolved, possibly because the plan did not treat one or more classes or creditors as the Code requires, means that the plan did not comply with the applicable provisions of the title. If it was not in compliance with the applicable provisions of the title, it could not have been subject to a 45 day confirmation deadline.

     In addition to the above discussion, Crossroads further argues that even if the 45 day deadline applies to the debtor regarding the first plan submitted, it should be allowed to file a second plan rather than have the case dismissed.

     There is nothing in § 1129, or § 1121 for that matter, that prohibits a debtor from filing more than one plan. Section 1121(e) provides that only the debtor may file a plan until after 180 days from the order for relief unless that period is extended or the court, for cause, orders otherwise. It further provides that the plan and disclosure statement shall be filed not later than 300 days after the date of the order for relief and provides for the manner in which the exclusivity period and the deadline for filing a plan can be extended. It does not say that the debtor may file only one plan.

     Under the general provisions of § 1121, the courts historically have permitted the debtor to file more than one plan. In at least one case, In re Werth, 29 B.R. 220 (Bankr. D. Colo. 1983), the debtor filed two plans simultaneously and alternatively. The first plan contemplated the retention of certain third-party litigation and the second plan contemplated the abandonment of that litigation. The disclosure statement was applicable to both plans. The United States Trustee objected to the simultaneous filing of multiple plans. One of the issues before the court was, "Can the debtor in possession submit more than one plan at the same time?" 29 B.R. at 221. The United States Trustee argued that the language used in § 1121(a) – "the debtor may file a plan" – means that a debtor may file only one plan. The court pointed out that 11 U.S.C. § 102, relating to rules of construction, notes in subsection (7) that "the singular includes the plural."The court then stated,

> Therefore, I conclude that § 1121 must be read to allow the debtor to file more than one plan. Presumably, if Congress had intended to limit the debtor in this regard, it could easily have provided that the debtor shall have only one plan under consideration at any given time. It did not so provide.

29 B.R. at 222. Accord In re Media Cent., Inc. , 89 B.R. 685 (Bankr. E.D. Tenn. 1988) and In re Turner Eng'g, Inc., 109 B.R. 956 (Bankr. D. Mont. 1989.)

     The Werth court acknowledged that an alternative to the multiple and alternative plans would be to have the parties vote on one plan, and if it was rejected, the debtor could file another plan and bring it forward to confirmation.

     The rule of construction in 11 U.S.C. § 102 providing that the singular includes the plural remains the same today as it was at the time of the Werth case.

     Section 1121(a), which reads, "The debtor may file a plan . . . " (which means more than one plan) has not been changed since the Werth interpretation of the language in 1983. The right to file

more than one plan has not been written out of the Code by the small business debtor amendments in §§ 1121(e) and 1129(e). In this case the debtor did file one plan and withdrew it.

Section1121(e)(2) gives the debtor 300 days to file a plan and disclosure statement. There is no prohibition on filing more than one plan, and no specific language in § 1121 or § 1129 mandating dismissal of the case if the first plan is withdrawn or fails to comply with Title 11. This debtor still has until April 15, 2010, to file a plan within the 300 day limitation and attempt to obtain confirmation of that plan in 45 days.

Conclusion

In conclusion, a Chapter 11 small business debtor case is not required to be dismissed simply because the first plan filed by that debtor was not confirmed within 45 days of its filing. The motion to dismiss is denied.

The court is aware that 11 U.S.C. § 1112(b)(3) requires the court to rule on a motion to dismiss not later than 15 days after commencement of hearing on the motion unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph. The movant has not expressly consented to an extension of time for a ruling. However, the court finds compelling circumstances prevented the court from meeting the time limits. Those circumstances include the fact that this matter is one of first impression in this court and significant time was necessary to do an adequate job of legal research with regard to the issue presented. The hearing was February 23, 2011, and this order is entered this 29th day of March, 2011.

IT IS ORDERED that the Motion to Dismiss Case or in the Alternative Motion to Convert Case to Chapter 7, Filing #144, is denied.

DATED:     March 29, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United State Bankruptcy Judge

Notice given by the Court to:
   Charles Chesnutt
   Trev Peterson
   *Jerry Jensen
   Richard Garden
   Clay Rogers
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.