IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-41918-TJM |
| | ) | |
| CROSSROADS FORD, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on May 25, 2011, regarding Fil. #176, Chapter 11 Small Business Plan, Fil. #177, Disclosure Statement for Small Business, filed by the debtor, Fil. #185, Objection to Confirmation of Plan, filed by Dealer Computer Services, Inc., and Fil. #186, Objection to Disclosure Statement, filed by Dealer Computer Services, Inc. Charles R. Chesnutt, Trev Peterson and Shelly Skeen appeared for the debtor, Jerry Jensen appeared for the U.S. Trustee, and Richard P. Garden, Jr., appeared for Dealer Computer Services, Inc.

Hearing was held on the plan and disclosure statement and objections thereto by Dealer Computer Services, Inc. ("DCS"). The hearing date preceded June 2, 2011, the date an order was entered by the Bankruptcy Appellate Panel of the Eighth Circuit which affirmed this court's order granting relief from the automatic stay to DCS to proceed with arbitration concerning the contract between DCS and the debtor. Much of the disclosure statement and plan contemplate that this court, rather than the arbitration panel, will resolve the dispute between the parties. For that reason alone, upon affirmance by the BAP, the disclosure statement must be denied final approval and the plan must be denied confirmation.

In addition, DCS, a creditor asserting an unsecured claim in the amount of not less than $716,873, plus interest, has shown the disclosure statement lacks compliance with 11 U.S.C. § 1125. The disclosure statement provides that the debtor has filed a motion to subordinate the DCS claim, but no such motion is on file although debtor recently filed an adversary proceeding concerning subordination of the claim.. The disclosure statement fails to provide any meaningful information concerning the source of funds for a lump-sum payment of the DCS claim.

As additional grounds for denial of confirmation, besides the affirmance by the BAP concerning arbitration, the debtor has failed to obtain the consent of any impaired class. The plan itself provides that Class 4 on page 6 contains 52 unsecured claims of under $12,000. The plan, at that point, states, "This class is unimpaired." The summary of ballots, Filing #215, lists six voting claims in Class 4 and states that they are impaired. That summary of ballots is totally inconsistent with the plan itself.

In Class 5, DCS is treated as unimpaired, although it is clear from its treatment in the plan that it is impaired. The ballot summary shows that DCS has rejected the plan.

Finally, the evidence is that the debtor was solvent on the petition date and continues to be solvent. Therefore, interest must be paid on the claims. § 726(a)(5); Kitrosser v. CIT Group/Factoring, Inc., 177 B.R. 458, 469 (S.D.N.Y. 1995) (Chapter 7 distribution requirements apply in Chapter 11 cases via the best interest of creditors test in § 1129(a)(7)(A)(ii)); In re Washington Mut., Inc., 442 B.R. 314, 356 (Bankr. D. Del. 2011) ("[T]o meet the best interest of creditors test in section 1129(a)(7), the non-consenting impaired creditors must get interest on their claims before shareholders receive any recovery."); Premier Entm't Biloxi LLC v. U.S. Bank Nat'l

<u>Ass'n (In re Premier Entm't Biloxi LLC)</u>, 445 B.R. 582, 644 (Bankr. S.D. Miss. 2010) (same). The plan does not propose to pay interest on the DCS claim and, once again for that reason alone, the plan may not be confirmed.

In addition, the plan contains language that would permit the debtor to modify the terms of the plan to significantly alter the rights of claimants, both before and after confirmation. Without appropriate amendments and notice and hearing, such authority is not acceptable in a plan and a plan containing such language is not confirmable.

IT IS ORDERED THAT the conditional approval of the disclosure statement is revoked, the disclosure statement, Fil. #177, is not approved, and the plan, Fil. #176, is denied confirmation.

DATED:    June 3, 2011

BY THE COURT:

<u>/s/ Timothy J. Mahoney</u>
United States Bankruptcy Judge

Notice given by the Court to:
   *Charles R. Chesnutt
   *Trev Peterson
   *Shelly Skeen
   Jerry Jensen
   Richard P. Garden, Jr.
   U.S. Trustee